**The DeWITT MOTOR COMPANY,
Plaintiff-Appellant,**

**v.**

**CHRYSLER MOTORS CORPORATION,
Chrysler Leasing Corporation, Chrysler
Corporation, Defendants-Appellees.**

**No. 17707.**

United States Court of Appeals
Sixth Circuit.

March 29, 1968.

Robert W. Boughton, Cleveland, Ohio, for appellant; M. Alfred Roemisch, Roe-

misch & Wright, Cleveland, Ohio, on brief.

Ellis H. McKay, Cleveland, Ohio, for appellees; Thomas P. Mulligan, Jones, Day, Cockley & Reavis, Cleveland, Ohio, Keith A. Jenkins, Detroit, Mich., on brief.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and WEINMAN, District Judge.[1]

PER CURIAM.

The complaint, filed by a former Chrysler dealer, charges price discrimination in the sale of motor vehicles in violation of the Clayton Act as amended by the Robinson-Patman Act, 15 U.S.C. §§ 13 and 15.

The District Court granted defendants' motion for summary judgment on two grounds: (1) That the action is barred by res judicata because of the judgment entered in favor of Chrysler Motors Corporation in a previous action filed by plaintiff in a State Common Pleas Court; and (2) that the plaintiff failed to file counter affidavits to the affidavits filed by defendants.

### 1) RES JUDICATA

■ The issue of res judicata has been decided contrary to the contention of defendants in Cream Top Creamery v. Dean Milk Co., Inc., 383 F.2d 358 (6th Cir.), in which the opinion of this Court was released subsequent to the decision of the District Court in the present case.

### 2) SUFFICIENCY OF AFFIDAVITS TO SUPPORT SUMMARY JUDGMENT

In support of their motion for summary judgment defendants filed affidavits. Plaintiff urges that despite its failure to file counter-affidavits, the defendants' affidavits are not sufficient to establish that there is no genuine issue of material fact. We agree.

■ While it obviously would have been preferable for plaintiff to have filed counter-affidavits, the affidavits filed by the defendants do not conclusively controvert the allegations set forth in plaintiff's complaint. In ruling on a motion for summary judgment, the Court must construe the affidavits in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176; Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed. 2d 458; S. J. Groves & Sons Co. v. Ohio Turnpike Commission, 315 F.2d 235 (6th Cir.), cert. denied, 375 U.S. 824, 84 S.Ct. 65, 11 L.Ed.2d 57; Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425 (6th Cir.).

■ Although defendants' affidavit denies the sale of "motor vehicles to any leasing company or fleet user in plaintiff's sales area (Metropolitan Akron)," the affidavit neither identifies plaintiff's sales area nor defines what is meant by the term "Metropolitan Akron." Furthermore, the affidavit admits sales "to fleet users in various cities throughout the county." The affidavit fails to identify the county in which the admitted sales were made.[2]

The admission by Chrysler Motors in its answer that it sold to leasing firms such as Hertz Corporation in New York, New York does not necessarily preclude the possibility that some of the vehicles sold in New York were used by Hertz in direct competition with the plaintiff in its sales area.

In response to plaintiff's allegations of price discriminations in violation of the Robinson-Patman Act, defendants' answer alleges that any differentials in price were justified by the quality, quantity and costs of vehicles sold to other purchasers. In the light of defendants

1. Honorable Carl A. Weinman, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation.

2. Defendants contend that the word "county" is a typographical error, intended to be "country." We find nothing in the record to establish that this is a typographical error. The word "county" presumably would refer to Summit County, Ohio, in which plaintiff's place of business was located.

**914**

failure to support by affidavits these conclusory allegations, the record does not demonstrate that there is no genuine issue of material fact as to the reasonableness of price differentials.

Construing the defendants' affidavits in the light most favorable to the plaintiff, we hold that the District Court erred in granting summary judgment.

Reversed.