■ MACKAY CONSTRUCTION CORP., Respondent, v. BROOKLYN UNION GAS COMPANY, Appellant.— Order, Supreme Court, New York County, entered on September 1, 1971, affirmed on the opinion of Mangan, J. at Special Term. Respondent shall recover of appellant $30 costs and disbursements of this appeal. Concur — Stevens, P. J., McGivern, Markewich and McNally, JJ.; Kupferman, J., dissents in the following memorandum: This matter involves concurrent actions in the Supreme Court, New York County, and the United States District Court for the Eastern District of New York, and the question of whether the Federal court action should have priority or they should both proceed apace with the consequent usual procedural tactics maintained at full vigor in order more easily to stifle the real issues. Defendant-appellant Brooklyn Union Gas Company, as a plaintiff, commenced an action in the Federal court against plaintiff-respondent Mackay and its president Henry Fried* on March 12, 1971. The complaint sought treble damages under the Sherman Act for alleged price fixing arising out of Mackay's construction activities, including work performed for Brooklyn Union. There was a second cause of action under section 340 of the New York General Business Law (New York Anti-Trust Law, cf. *Columbia Gas of N. Y. v. New York State Elec. & Gas Corp.,* 28 N Y 2d 117). Mackay counterclaimed for treble damages under the Sherman Act for Brooklyn Union's alleged monopoly of the gas distribution business, but asserted no counterclaim for money due. However, together with the service of its answer in that Federal court action, Mackay served its verified complaint in this action in the New York State Supreme Court seeking a recovery of over $307,000 for materials furnished to Brooklyn Union since November of 1967. Those materials and labor were of the same nature as the business alleged by Brooklyn Union as plaintiff in its Federal case to have been the subject of the antitrust violations. Mackay had a second cause of action for Brooklyn Union's allegedly deliberate refusal to pay balances due, making it impossible for Mackay to continue in the construction business, and sought $3,000,000 on that cause. Brooklyn Union in this New York State Supreme Court action raised as affirmative defenses the antitrust violations asserted in the Federal complaint and counterclaimed for Mackay's alleged violation of section 340 of the General Business Law. There was no counterclaim interposed for the Federal antitrust violations, because only the Federal court could grant positive relief thereon. Fried is not a party to the State court action. Brooklyn Union moved for a stay of the State court action pursuant to CPLR 2201 and the second clause of 3211 (subd. [a], par. 4), pending determination of the Federal case, on the ground of comity, expertise of the Federal court, avoidability of duplication of litigation, and the disposition of all issues between the parties in the Federal court which is not possible in the State court. The Judge at Special Term refused the stay on the ground that in

* Fried has been otherwise involved, see, e.g., *S. T. Grand, Inc.* v. *City of New York,* 38 A D 2d 467.

neither action would there be a total determination of the issues in the other, and that there was no legal ground why both actions could not proceed simultaneously. Obviously, under subdivision (a) of rule 13 of the Federal Rules of Civil Procedure, the Federal court action having been the first commenced, Mackay should have pleaded as a compulsory counterclaim the demand for payment of moneys due. Further, there would be *res judicata*, whether pleaded or not. (See 1B, Moore's Federal Practice, § 0.410(1), p. 1152.) This was substantially recognized, although not ruled upon by the full court, in the New York Court of Appeals in *Cummings* v. *Dresher* (18 N Y 2d 105, concurring opn. by Fuld, J., p. 108). However, a State court determination might not have the same effect. (*De Witt Motor Co.* v. *Chrysler Motors Corp.*, 391 F. 2d 912; *Cream Top Creamery* v. *Dean Milk Co.*, 383 F. 2d 358; see A. B. A. Antitrust L. J., vol. 37, p. 625 on "Federal Pre-Emption"; *Movielab, Inc.* v. *Berkey Photo*, 321 F. Supp. 806.) This court would affirm on the basis that the matter was discretionary with the court at Special Term. (See, e.g., *Phoenix Assur. Co.* v. *Stark Mobile Homes*, 39 A D 2d 514.) While this approach is more honored in the breach (e.g., *Katz* v. *Travelers Ind. Co.*, 39 A D 2d 516), it cannot be followed where what is involved is the important question of antitrust policy.** Further, if one looks at the situation pragmatically from the viewpoint of what would be the most convenient forum and follows the New York Court of Appeals' approach that in a *forum non conveniens* situation, the one chosen should be that "which will best serve the ends of justice" (see *Silver* v. *Great Amer. Ins. Co.*, 29 N Y 2d 356; *Barry* v. *American Home Assur. Co.*, 38 A D 2d 928), then the stay must be granted. The doctrine of abstention is a two-way street. If "the proper respect for state functions" (see *Younger* v. *Harris*, 401 U. S. 37) means that the Federal courts should stay out of matters where the State court is the logical forum, so should the State court yield to the Federal court when the subject matter is within that orbit. (See *General Aniline & Film Corp.* v. *Bayer Co.*, 305 N. Y. 479, 485.) In *General Aniline & Film Corp.* v. *Photo-Marker Corp.* (28 A D 2d 990), we directed the stay of a trial in the State court action pending litigation in the United States District Court for the Southern District of New York, upon certain conditions including the posting of a surety bond. This court there included the provision that if the Federal action were unduly delayed, the plaintiff in the State court action could ask for a termination of the stay. Brooklyn Union would accept that approach here (and Mackay would also, if we do not affirm) and differ only on the question of a bond. Mackay asks for a bond for its claim of over $3,300,000 plus interest and costs. If anything were to be bonded, it would be the Mackay cause of action for over $307,000 for materials and labor furnished. However, for Brooklyn Union, a major metropolitan utility, there should be no need to require that small a bond. On condition that plaintiff-respondent here, Mackay Construction Corp., be given leave to plead its compulsory counterclaim in the Federal court, I would grant the stay of a trial in the State court, provide for consolidation of pretrial procedures, all as more fully set forth in the *General Aniline* case (*supra*), but not require any bond.

---

** Cf. Handler, Twenty-Fourth Annual Antitrust Rev., 72 Col. L. Rev. 1 where it is said: "The cases in which Supreme Court review has been sought present issues of large dimension, and the series of appeals scheduled for the present term should have far-reaching effects upon our antitrust jurisprudence."