AUSTIN, ADMR. OF ESTATE OF POWELL, DECEASED, APPELLANT, *v.* MIAMI VALLEY HOSPITAL ET AL., APPELLEES.

(No. 8529—Decided May 16, 1984.)

*Walter J. Wolske, Jr.,* for appellant.

*Larry A. Smith,* for appellee Miami Valley Hospital.

*David C. Greer,* for appellee Dale R. Hines, M.D.

*Per Curiam.* Appellant, Reba Austin, Administrator of the Estate of Wesley H. Powell, deceased, filed a medical malpractice action against defendants, Miami Valley Hospital and Dale Hines, M.D., on August 6, 1979. The trial court granted defendants' motions to dismiss on March 5, 1982, pursuant to Civ. R. 37(B)(2)(c), because appellant's counsel failed to comply with the trial court's discovery order of February 17, 1981.

Appellant appealed, and this court sustained the trial court's sanction of dismissal. *Austin* v. *Miami Valley Hospital* (Oct. 1, 1982), Montgomery App. No. 7780, unreported. On January 26, 1983, the Ohio Supreme Court denied appellant's motion to certify the record.

Appellant commenced a new action on May 20, 1983, identical to the first complaint. Appellee Hines moved for summary judgment based on the running of the statute of limitations. Appellee Miami Valley Hospital moved for dismissal based on the principle of *res judicata* and the statute of limitations. On August 15, 1983, the trial court sustained the appellees' motions, holding the case barred by the statute of limitations and the doctrine of *res judicata.* From that judgment appellant timely instituted the present appeal, alleging the trial court erred in holding the suit barred.

Appellant asserts that by operation of Ohio's "saving statute," R.C. 2305.19, the second complaint was timely filed. R.C. 2305.19 provides, in part:

"*In an action commenced,* or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or *if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff,* or, if he dies and the cause of action survives, his representatives *may commence a new action within one year after such date. * * *"* (Emphasis added.)

Appellant asserts the original dismissal, based on appellant's failure to comply with the court's discovery order, constituted a failure "otherwise than upon the merits," thus triggering application of R.C. 2305.19.

As R.C. 2305.11 provides a one-year statute of limitations for medical malpractice actions and R.C. 2125.02 provides a two-year statute of limitations for wrongful death actions, only if R.C. 2305.19 applies would the instant suit have been timely filed. In order to invoke the operation of the saving statute, however, there must have been a failure "otherwise than upon the merits."

In its decision of August 15, 1983, the trial court held the prior dismissal of appellant's first action (under Civ. R. 37[B][2][c]) must be viewed in light of Civ. R. 41(B), which states the effect of involuntary dismissals. Subsection (1) of Civ. R. 41(B) initially provides:

"Failure to prosecute. Where the plaintiff fails to prosecute or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

Additionally, subsection (3) provides:

"Adjudication on the merits * * *. A dismissal under this subdivision and *any dismissal not provided for in this rule, * * * operates as an adjudication upon the merits* unless the court, in its order for dismissal, otherwise specifies." (Emphasis added.)

Thus, even if the prior dismissal was premised on Civ. R. 37 for appellant's failure to comply with the discovery order, Civ. R. 41(B)(3) states the effect of such a dismissal is an adjudication on the merits unless the trial court expressly states otherwise in its dismissal entry. The dismissal entry in the instant case did not include the language "otherwise than upon the merits" or "without prejudice."

Appellant asserts Civ. R. 41(B) has no application to this dismissal. She contends Civ. R. 37(B)(2)(c) alone governs this dismissal and observes that the rule itself contains no requirement that a dismissal pursuant to its authority must employ such language.

Where statutes or rules upon the same subject matter are to be construed, the doctrine of *in pari materia* favors consistent, as opposed to inconsistent, construction. Since by its terms Civ. R. 41(B) determines the effect of involuntary dismissals, its provisions must complement, rather than contradict, the provisions of Civ. R. 37(B)(2)(c). Thus, the trial court did not err in applying Civ. R. 41(B)(1) and (3) to determine the effect of the prior dismissal.

The federal Second Circuit Court of Appeals similarly held a dismissal by a district court for a party's failure to answer interrogatories to be a dismissal on the merits where the lower court's entry failed to provide that the dismissal was "without prejudice." The court found such a dismissal to be governed by Fed. R. Civ. P. 41(b). *Nasser* v. *Isthmian Lines* (C.A. 2, 1964), 331 F. 2d 124, 127.

Thus, it was not error for the trial court to hold the dismissal of March 5, 1982 constituted an adjudication upon the merits, so as to preclude operation of

the saving statute, R.C. 2305.19, and to invoke operation of the limitations statutes, R.C. 2305.11 and 2125.02, so as to bar the instant suit.

Accordingly, the judgment of the trial court granting the appellees' motions for dismissal and for summary judgment is hereby affirmed.

*Judgment affirmed.*

KERNS, WILSON and WEBER, JJ., concur.