865 F.2d 257
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Miguel A. GARGALLO, Plaintiff-Appellant,
v.
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.; Larry Tyree,
Defendants-Appellees.
 No. 88-3478.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1988.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Miguel A. Gargallo appeals the summary judgment for defendants in this civil action in which he alleged that defendants violated federal securities law in handling his account. The district court concluded that plaintiff's claims are precluded under the doctrine of res judicata because the subject matter of plaintiff's complaint was previously adjudicated in Ohio state court litigation.
 
 
 3
 Upon consideration, we conclude that summary judgment for defendants was proper. The claims plaintiff asserts here were previously asserted by counterclaim in a state court lawsuit filed by Merrill Lynch, Pierce, Fenner & Smith, Inc. against plaintiff. Plaintiff's counterclaim was dismissed with prejudice, an adjudication which has preclusive effect in the Ohio courts. See Austin v. Miami Valley Hosp., 19 Ohio App.3d 231, 483 N.E.2d 1185 (1984) (per curiam); Ohio R.Civ.P. 41. The judgment has the same preclusive effect in the federal courts. See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Thus, the doctrine of res judicata precludes plaintiff's claims against Merrill Lynch, Pierce, Fenner & Smith, Inc., and the defendant employee account executive. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979).
 
 
 4
 Plaintiff's contention that his appeal is premature is without merit because his motion to reconsider pursuant to Fed.R.Civ.P. 59(e) was not filed with respect to a final judgment. See Fed.R.Civ.P. 54(a). Plaintiff's remaining claims on appeal are also without merit.
 
 
 5
 Accordingly, the judgment of the district court is affirmed Rule 9(b)(5), Rules of the Sixth Circuit.