**Miguel A. GARGALLO, Plaintiff–Appellant,**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.; and Larry W. Tyree, Defendants–Appellees.**

No. 88–3478.

United States Court of Appeals, Sixth Circuit.

Submitted on Brief Sept. 26, 1989.

Decided Nov. 9, 1990.

---

**2.** We express no view as to the ultimate outcome of this litigation.

Miguel A. Gargallo, Columbus, Ohio, for plaintiff-appellant.

John F. Winkler, Baker & Hostetler, Columbus, Ohio, for defendants-appellees.

Before: MERRITT, Chief Judge; RYAN, Circuit Judge; and BROWN, Senior Circuit Judge.

RYAN, Circuit Judge.

This case presents the interesting dual questions 1) whether a federal court must apply federal or state claim preclusion law in deciding 2) whether a prior state court judgment upon subject matter over which only a federal court has jurisdiction is a bar to a subsequent federal court claim upon the identical cause of action. Plaintiff Miguel A. Gargallo sued defendants Merrill Lynch, Pierce, Fenner, & Smith, Inc. ("Merrill Lynch") and Larry W. Tyree, a security salesman for Merrill Lynch, in the United

States District Court for the Southern District of Ohio alleging violations of the Securities Exchange Act of 1934, 15 U.S.C. 78a, *et seq.*, and Securities Exchange Commission rules and regulations. Finding that plaintiff had previously brought the same claim against Merrill Lynch in a state court and that the state court had dismissed the claim on its merits, the district court dismissed the suit below on the grounds of *res judicata* as to Merrill Lynch, and *collateral estoppel* as to Larry Tyree. The plaintiff appeals, and we reverse holding 1) that state claim preclusion law must be applied, and 2) that, in this instance, the prior state adjudication is not a bar to subsequent federal court action upon the same cause of action.

### I.

Miguel Gargallo opened a "margin brokerage account" with Merrill Lynch in 1976. He maintained the account until 1980, when his investments apparently went awry and losses occurred, resulting in a debt of some $17,000 owed to Merrill Lynch on margin calls. When the obligation was not paid, the brokerage firm filed suit for collection in the Court of Common Pleas, Franklin County, Ohio. In response, Mr. Gargallo filed an answer and counterclaim against Merrill Lynch, alleging that Merrill Lynch caused his losses through "negligence, misrepresentations, and churning," and that the firm had violated 15 U.S.C. §§ 78g(c), 78i, and 78j of the federal securities laws. After a considerable history of discovery difficulties, the state court dismissed Mr. Gargallo's counterclaim "with prejudice," citing Ohio Civil Rule 37, for refusal to comply with Merrill Lynch's discovery requests and the court's discovery orders.

Mr. Gargallo appealed the dismissal, without success, to the Ohio Court of Appeals. He then filed a complaint in the United States District Court, Southern District of Ohio, charging Merrill Lynch and its account executive, Larry Tyree, who was not a party to the state court action, with violating the margin rules of 15 U.S.C. § 78g(c) and Regulation T and engaging in deceptive investment practices proscribed by 15 U.S.C. §§ 78i, 78j, 78j(b). These claims were based on the same transactions at issue in the state litigation. After preparing a thoughtful written opinion, the district court dismissed the suit against Merrill Lynch on *res judicata* grounds, finding that the "issues, facts and evidence to sustain this action are identical to the claims asserted [against the brokerage firm] in [Mr. Gargallo's] counterclaim that was dismissed with prejudice by the state court." Since it was undisputed that defendant Larry W. Tyree, was in privity with Merrill Lynch as its employee, the court also dismissed the plaintiff's claim against Tyree, but did so finding that "Tyree has established the elements ... of *collateral estoppel.*" This appeal followed.

### II.

There is no dispute in this case about the essential facts relating to the summary judgment, and the ultimate issue is: whether the district court correctly dismissed the plaintiff's claims on *res judicata* and *collateral estoppel* grounds. We review that question *de novo* to determine whether Merrill Lynch and Larry Tyree are entitled to judgments "as a matter of law." Fed.R. Civ.P. 56(c). *See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Burkart v. Post–Browning, Inc.,* 859 F.2d 1245, 1249 (6th Cir.1988).

Since there has been some confusion in this case about the meaning of the terms *res judicata* and *collateral estoppel,* perhaps a preliminary word of clarification would be useful.

■ Res judicata and collateral estoppel are not the same. Res judicata, or claim preclusion as it is more helpfully termed, is the doctrine, simply stated, by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or cause of action or raising a new defense to defeat a prior judgment. *See generally* J. Friedenthal, M. Kane & A. Miller, Civil Procedure at 607–09 (1985). It precludes not only relitigating a claim or cause of action previ-

ously adjudicated, it also precludes litigating a claim or defense that should have been raised, but was not, in a claim or cause of action previously adjudicated. This last variation was formerly known as the rule against splitting a cause of action. *Id.* at 607.

Collateral estoppel, or issue preclusion as it is better termed, precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action. *Id.* As will be seen hereafter, we are concerned in this case with the question of the applicability of claim preclusion in its simplest form: the preclusive effect of a prior judgment upon the identical cause of action brought by the same party in subsequent litigation.

## A. *Claim Preclusion*

The federal securities law violations asserted against Merrill Lynch and Larry Tyree in this litigation are the same, for all practical purposes, as those Mr. Gargallo previously asserted in the counterclaim he filed in the Franklin County court. For reasons we shall discuss shortly, Ohio claim preclusion law ultimately determines the outcome of this case. Consequently, we must decide whether the Franklin County court judgment dismissing Mr. Gargallo's first lawsuit would operate as a bar, under Ohio claim preclusion rules, to the action brought in the district court, now under review, had it been brought in an Ohio court. Had Mr. Gargallo's latest claim of fraud and negligence against his broker been brought in an Ohio court, assuming no problem with the state court's

subject matter jurisdiction over the federal claims, we have no doubt that the doctrine of claim preclusion would require the district court to dismiss the newly filed claims.

In Ohio, the requirements for application of the doctrine of claim preclusion, or *res judicata* as the earlier Ohio court termed it, are the same as those applicable in a federal court:

"The doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction."

*Norwood v. McDonald,* 142 Ohio St. 299, 305, 52 N.E.2d 67, 71 (1943) (quoting 30 Am.Jur. *Judgments* § 161 (1940) currently found at 30A Am.Jur. *Judgments* § 324 (1958)). *Accord Krahn v. Kinney,* 43 Ohio St.3d 103, 107, 538 N.E.2d 1058, 1062 (1989). And, "a judgment in a former action does not bar a subsequent action where the cause of action prosecuted is not the same." *Norwood,* 142 Ohio St. at 305, 52 N.E.2d at 71 (citations omitted). *Accord Krahn,* 43 Ohio St.3d at 107, 538 N.E.2d at 1062.

Under Ohio law, the dismissal with prejudice of Mr. Gargallo's Common Pleas Court counterclaim for noncompliance with Ohio's Civil Rule 37 was a "final judgment rendered upon the merits." *See Austin v. Miami Valley Hosp.,* 19 Ohio App.3d 231, 483 N.E.2d 1185 (Ohio Ct.App.1984).[1]

To determine whether a final judgment upon one claim precludes the filing of an-

---

1. In *Austin,* the Court of Appeals for Montgomery County, Ohio, was asked whether a medical malpractice claim filed May 20, 1983, against Miami Valley and one of its doctors was barred by the one-year filing limitation of Ohio Rev. Code § 2305.11 and the doctrine of *res judicata* since an identical action between the same parties was dismissed for discovery noncompliance on February 17, 1981. In determining that the saving provision of Ohio Rev. Code § 2305.19, which applies only to claims that have previously failed "otherwise than upon the merits," did not save the second claim, the court said:

    [E]ven if the prior dismissal was premised on Civ.R. 37 for appellant's failure to comply

with the discovery order, Civ.R. 41(B)(3) states the effect of such a dismissal is an adjudication on the merits unless the trial court expressly states otherwise in its dismissal entry. The dismissal entry in the instant case did not include the language "otherwise than upon the merits" or "without prejudice."

Consequently, that court held that the trial court did not err in dismissing the second claim as barred by the statute of limitations and the doctrine of *res judicata.* 19 Ohio App.3d at 232, 483 N.E.2d at 1186.

other claim in Ohio depends on whether the second claim embodies the same cause of action as the first:

> This determination must be made from an examination of the essential operative facts stated as constituting plaintiff's cause of action and the legal implications arising therefrom in each proceeding.

*Norwood,* 142 Ohio St. at 310, 52 N.E.2d at 73.

■ Mr. Gargallo's state court counterclaim alleged that Merrill Lynch had engaged in deceptive practices in the management of Mr. Gargallo's accounts, including "negligence, misrepresentation, and churning," in violation of federal securities laws, specifically 15 U.S.C. §§ 78g(c), 78i and 78j, and state common law. Mr. Gargallo's suit against the defendants in the district court complained of the same transactions, alleged violation of the same federal securities law, and added alleged violations of certain Securities and Exchange Commission regulations. We agree with the district court that the "issues, facts, and evidence to sustain this action are identical to the claims asserted ... in [plaintiff's state] counterclaim," and we are satisfied that the federal claim or cause of action giving rise to this appeal is the same claim or cause of action that was asserted in the counterclaim dismissed in the state court litigation.

Thus, we have no question that, absent any regard for subject matter jurisdiction, Ohio claim preclusion law would bar the claim asserted in Mr. Gargallo's district court complaint had it been filed in an Ohio court.

## B. *Federal Exclusivity*

However, the district court in which plaintiff brought his claim is not an Ohio court but a federal tribunal. Consequently, we are faced with the more difficult issue of whether a federal district court may give claim preclusive effect to an Ohio judgment regarding federal securities laws that are within the exclusive jurisdiction of the federal courts. *See* 15 U.S.C. § 78aa.[2]

The first rule in determining whether a prior state court judgment has preclusive effect in a federal court is that the full faith and credit statute, 28 U.S.C. § 1738,[3] requires a federal court to give a state court judgment the same preclusive effect such judgment would have in a state court:

> Indeed, though the federal courts may look to the common law or to the policies supporting res judicata and collateral estoppel in assessing the preclusive effect of decisions of other federal courts, Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.
>
> . . . . .

*Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). And the rule is no less applicable in a case in which the state court was without jurisdiction to entertain the exclusively federal claim it adjudicated. The United States Supreme Court has spoken on this issue in an analogous context.

■ In *Marrese v. Am. Academy of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985), the Court reviewed a decision of the Court of Appeals for the Seventh Circuit, sitting *en banc,* which held, as a matter of *federal* law, that an Illinois state court judgment involving federal antitrust claims within the exclusive jurisdiction of the federal courts must be given claim preclusive effect in any subsequent federal proceeding involving the same claims. The Supreme Court reversed on the ground that federal courts are required under 28 U.S.C. § 1738 to determine

---

**2.** 15 U.S.C. § 78aa states that "[t]he district courts of the United States ... shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder...."

**3.** In pertinent part, 28 U.S.C. § 1738 provides that "[t]he Acts of the legislature of any State, Territory, or Possession of the United States"

and "[t]he records and judicial proceedings of any court of any such State, Territory or Possession ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

the preclusive effect of prior state court judgments, pursuant to the law of the state in which the judgment was entered, even as to claims within the exclusive jurisdiction of the federal courts. *Id.* at 375, 105 S.Ct. at 1329. *Marrese* requires, therefore, that a federal court must determine whether to give claim preclusive effect to a state court judgment upon a cause of action over which the state court had no subject matter jurisdiction by determining whether the state court would give preclusive effect to such a judgment.[4]

The *Marrese* Court recognized that:

To be sure, a state court will not have occasion to address the specific question whether a state judgment has issue or claim preclusive effect in a later action that can be brought only in federal court.

*Id.* at 381–82, 105 S.Ct. at 1332. But, after noting the proposition that a state court judgment rendered in a matter over which the court had no subject matter jurisdiction is generally given no claim preclusive effect, *see* Restatement (Second) of Judgments § 26(1)(c) (1982),[5] the Court said:

If state preclusion law includes this requirement of prior jurisdictional competency, which is generally true, a state judgment will *not* have claim preclusive effect on a cause of action within the exclusive jurisdiction of the federal courts.

*Id.* at 382, 105 S.Ct. at 1333 (emphasis in original).

■ Thus, under *Marrese*, we are required to determine whether Ohio claim preclusion rules, as construed by the courts of that state, would accord preclusive effect to a judgment rendered by an Ohio court which lacks subject matter jurisdiction over the claim adjudicated. *See id.* at 386, 105 S.Ct. at 1335.[6]

Ohio appears to subscribe to the Restatement (Second) of Judgments position that a judgment rendered by a court lacking subject matter jurisdiction ought not be given preclusive effect. Addressing whether an Ohio judgment in an action commenced after expiration of the applicable limitations period was entitled to claim preclusive effect, the Ohio Supreme Court stated:

It is not contended that the judgment in the prior action [in this case] was void because of some defect relating to the jurisdiction of either court therein, *in which case the judgment could not operate as an estoppel as to a particular fact or issue; nor could it operate as res judicata as to a cause of action.*

*LaBarbera v. Batsch*, 10 Ohio St.2d 106, 109, 227 N.E.2d 55, 59 (1967) (citing *Horovitz v. Shafer*, 57 Ohio L.Abs. 341, 43 Ohio Op. 233, 234–35, 94 N.E.2d 201, 202–03 (1950) ) (emphasis added). *Accord Stale ex rel. City of Mayfield Heights v. Bartunek*, 12 Ohio App.2d 141, 145–46, 231 N.E.2d 326, 330 (1967).[7]

---

**4.** For a good discussion of the *Marrese* decision, see generally 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4470 (Supp.1990).

**5.** According to the Restatement, when "[t]he plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts," principles of claim preclusion do not apply and "part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant." Restatement (Second) of Judgments § 26(1)(c) (1982).

**6.** *Marrese* teaches that had the factual issues that form the basis of Gargallo's state counterclaim and this federal action been actually litigated in the Franklin County court, we could look to Ohio *issue* preclusion principles to determine whether the district court was barred from relitigating factual matters previously ad-

judicated by a court lacking subject matter jurisdiction over the claim giving rise to those issues. 470 U.S. at 385, 105 S.Ct. at 1334. But, because Mr. Gargallo's counterclaim was dismissed as a discovery sanction and, hence, no substantive factual issues were adjudicated in the Ohio court, Ohio's issue preclusion principles are not relevant to this case.

**7.** 62 Ohio Jur.3d *Judgments* § 110 (1985 & Supp. 1990) states, "[a] judgment rendered by a court which has no jurisdiction over the subject matter is coram non judice and void." 63 Ohio Jur.3d *Judgments* §§ 441 and 454 (1985 & Supp. 1990) respectively provide, "[a] judgment rendered by a court of Ohio *of competent jurisdiction* may be used as the basis for the operation of the doctrine of res judicata in an action instituted in a federal court" (emphasis added) and, "[a] judgment rendered without jurisdiction cannot be used as a basis for the application of the doctrine of res judicata."

It seems clear, therefore, that in Ohio a final judgment by a court of that state, upon a cause of action over which the adjudicating court had no subject matter jurisdiction, does not have claim preclusive effect in any subsequent proceedings. Applying that Ohio claim preclusion rule here, as *Marrese* commands we must, we conclude that since the Franklin County court lacked subject matter jurisdiction to resolve the claims brought under the federal securities laws, a body of statutes and regulations over which federal courts have exclusive jurisdiction, the district court erred in dismissing Mr. Gargallo's federal securities law complaint on the ground of claim preclusion.[8]

### III.

Mr. Gargallo also raises a number of meritless questions regarding defendants' compliance with court deadlines and the district court's enforcement of those deadlines. Because they are meritless, we decline to address them.

### IV.

In summary, we hold that the Ohio court judgment, dismissing, with prejudice, Mr. Gargallo's federal securities law claims against Merrill Lynch and Larry Tyree, may not be given claim preclusive effect in a subsequent federal court action asserting those same claims because Ohio courts would not give claim preclusive effect to a prior final judgment upon a cause of action over which the Ohio court had no subject matter jurisdiction.

■ With respect to the summary judgment in favor of defendant Larry Tryee, since Mr. Gargallo's counterclaim was dismissed in the state court as a sanction for his discovery violations, none of the factual or legal issues he raised were actually litigated and decided. Consequently, the doc-

trine of *collateral estoppel,* or issue preclusion, is not applicable.

### V.

The judgment of the district court is REVERSED and the case is REMANDED for further proceedings.

---

8. Similar results were reached by this court in *Cream Top Creamery v. Dean Milk Co.,* 383 F.2d 358, 363 (6th Cir.1967), and *DeWitt Motor Co. v. Chrysler Motors Corp.,* 391 F.2d 912, 913 (6th Cir.1968), cases involving the question of the claim preclusive effect in a federal court of a prior state judgment upon a federal antitrust

claim. *See also Cellar Door Productions, Inc. v. Kay,* 897 F.2d 1375, 1377–78 n. 2 (6th Cir.1990). But those cases are not precedent here, because they are statements of federal claim preclusion law. We are concerned here with Ohio claim preclusion law made applicable in a federal court by 28 U.S.C. § 1738.