978 F.2d 1259
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Barbara SMITH, Plaintiff-Appellant,
v.
Brad PRINGLE, Housing Inspector; Ronald Powell, Housing
Inspector; Douglas Powley, Prosecutor; Steven
Nome, Supervisor, Housing Inspectors,
Defendants-Appellees.
 No. 92-3391.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1992.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and HIGGINBOTHAM, Senior Circuit Judge.*
 
 ORDER
 
 1
 Barbara Smith, a pro se Ohio resident, appeals a district court order dismissing her civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In October 1989, Smith pled no contest to a charge of violating the anti-litter statute of Akron, Ohio (Akron City Code § 95.13). Smith was fined $250 and given a thirty day jail sentence. The jail time and $200 of the fine was suspended. The conviction was affirmed by the Ohio Court of Appeals. Smith failed to file a timely appeal with the Ohio Supreme Court.
 
 
 3
 Seeking monetary and injunctive relief, Smith sued Douglas Powley, Chief Prosecutor of Akron, Ohio; Brad Pringle, Ronald Powell, Stephen Nome, and Jack Tomei, four Akron housing inspectors; an unidentified individual; and the City of Akron, Ohio contending that the Akron ordinance was unconstitutionally vague and that her First, Second, Third, Fourth, Fifth, Sixth, and Fourteenth Amendment rights were violated during the inspection of her property and subsequent prosecution. The case was referred to a magistrate judge who recommended that summary judgment be denied as to the First and Fourth Amendment claims, the allegation against Powell and the City of Akron, the due process claim, and the vagueness challenge. The magistrate judge recommended summary judgment be granted to the defendants as to all other issues. Upon de novo review in light of the objections filed by the parties, the district court found that there was no genuine issue of material fact and that the defendants were entitled to judgment as a matter of law on all issues raised in Smith's complaint.
 
 
 4
 In her timely appeal, Smith raises a multitude of issues in her rambling briefs. She requests the appointment of counsel and oral argument.
 
 
 5
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 6
 Upon review, we conclude that there is no genuine issue of material fact and that the defendants are entitled to judgment as a matter of law. See Celotex Corp., 477 U.S. at 323. Smith's claims are barred by the doctrine of collateral estoppel. See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 85 (1984); Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 661-62 (6th Cir.1990). The district court did not abuse its discretion in denying Smith's motion to amend her complaint. See Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir.1986) (per curiam). Finally, we conclude that Smith's remaining arguments are meritless.
 
 
 7
 Accordingly, we hereby deny Smith's requests for relief and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable A. Leon Higginbotham, Jr., Senior Circuit Judge, U.S. Court of Appeals for the Third Circuit, sitting by designation