Ronald L. LANTHRON,
Plaintiff–Appellant,

v.

UNITED STATES of America, et al., Defendants–Appellees.

No. 99–4408.

United States Court of Appeals,
Sixth Circuit.

Feb. 9, 2001.

Before JONES and COLE, Circuit Judges; NUGENT, District Judge.*

This is an appeal from a district court judgment dismissing an action construed as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On May 24, 1999, Ronald Lanthron filed a document styled as a petition for a writ of mandamus. The district court construed the petition as a petition for habeas corpus relief under § 2241 and sua sponte ordered the matter dismissed. Lanthron unsuccessfully moved for reconsideration and this fee-paid appeal followed.

This court reviews de novo district court dismissals of cases on res judicata grounds. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658 (6th Cir.1990). A de novo examination of the limited record and prior case law supports the decision on appeal.

■ Lanthron apparently received a dishonorable discharge from the United States Marine Corps in 1971 following a criminal conviction by Special Court–Martial. Lanthron's present complaint is a circuitous attempt to avoid the consequences of his military conviction by seeking a federal court declaration that his enlistment was void ab initio so that, Lanthron reasons, the results of the military conviction and discharge are also void. The district court concluded that Lanthron's individual federal claims in this action were barred by res judicata because the virtually identical claims in a prior action against the Commandant of the Marine Corps were dismissed on the merits and this decision was affirmed on appeal.

■ The district court's judgment is patently correct. Under the doctrine of claim preclusion, a final judgment bars any and all claims by the parties based on the same cause of action, as to every matter actually litigated, and as to every ground of recovery that could have been presented. *See Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir.1994). A comparison of the present action with Lanthron's prior suit completely supports the district court's conclusion that Lanthron is precluded from litigating anew his claims concerning his allegedly "illegal" enlistment in the United States Marine Corps. *See Lanthron v. Commandant of the United States Marine Corps*, No. 98–3002, 1999 WL 96751 (6th Cir. Feb.2, 1999) (order).

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable Donald C. Nugent, United States District Judge for the Northern District of Ohio, sitting by designation.