Vincent Ross GRIFFIN,
Plaintiff–Appellant,

v.

CITY OF COLUMBUS; Gregory Lashutka; James K. Jackson; Jim Karnes; Dr. Gutheil; Alan Lazaroff, Defendants–Appellees.

No. 00–3191.

United States Court of Appeals,
Sixth Circuit.

May 2, 2001.

Before BOGGS and CLAY, Circuit Judges; ROBERTS, District Judge.*

### ORDER

Vincent Ross Griffin appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

Griffin sued the city of Columbus, Ohio, the mayor of Columbus, a police chief, a sheriff, a doctor at the county jail, a prison warden, and several unnamed defendants ("John Does"). He alleged that two John Does had arrested him for arson at a local hospital before he was adequately treated for severe burns, that a third John Doe booked him at the jail, and that Dr. Gutheil failed to provide him with adequate medical care while he was incarcerated there. Griffin also alleged that he was

* The Honorable Victoria A. Roberts, United States District Judge for the Eastern District of Michigan, sitting by designation.

denied adequate treatment by a fourth John Doe after his transfer to state prison.

The district court dismissed the case on January 13, 2000, and reconsideration was subsequently denied. Griffin now moves for the appointment of counsel on appeal. The appellees have asked this court to take judicial notice of a prior civil rights case that he had filed in 1994.

■ The district court dismissed Griffin's claims against the unnamed defendants, as they were not served with the complaint. Griffin has abandoned these claims by failing to raise a coherent challenge to this ruling on appeal. *See Buziashvili v. Inman*, 106 F.3d 709, 719 (6th Cir.1997).

■ We review the award of summary judgment to the named defendants *de novo. See Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir.1995). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See id.*

■ A two-year limitations period applies to civil rights actions that arise in Ohio. *Collyer v. Darling*. 98 F.3d 211, 220 (6th Cir.1996). Thus, Griffin's claims must have accrued within two years of June 3, 1996, when his current complaint was filed, or no earlier than June 3, 1994. Griffin's claims clearly accrued before that time because he had signed a prior civil rights complaint on March 31, 1994, which was based on the same facts as his present case.

■ Griffin now argues that the limitations period was tolled during his prior action, under Ohio's savings statute, Ohio Rev.Code § 2305.19. The savings statute did not apply to Griffin's claims against the City of Columbus, Mayor Lashutka or Warden Lazaroff, as they were not parties in the prior action. *See Children's Hosp. v. Ohio Dep't of Public Welfare*, 69 Ohio St.2d 523, 433 N.E.2d 187, 189–90 (1982). Nor did the statute apply to Griffin's claims against Dr. Gutheil, as he was not properly served in the prior action. *See Motorists Mut. Ins. Co. v. Huron Rd. Hosp.*, 73 Ohio St.3d 391, 653 N.E.2d 235, 239–40 (1995). Finally, the statute did not apply to Griffin's claims against Chief Jackson and Sheriff Karnes, as his claims against these defendants were dismissed on the merits in the prior action. *See Austin v. Miami Valley Hosp.*, 19 Ohio App.3d 231, 483 N.E.2d 1185, 1186–87 (1984). Thus, the instant case was properly dismissed because the savings statute was not applicable and Griffin's complaint was not filed within the two-year limitations period. *See Collyer*, 98 F.3d at 220–21.

We have considered the diffuse arguments in Griffin's brief, and they are all unavailing.

Accordingly, the appellees' motion to take judicial notice is granted, all other pending motions are denied, and the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.