97 F.3d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ARTIE FIELDS PRODUCTIONS, INC., Plaintiff-Appellee,
v.
CHANNEL SEVEN OF DETROIT, INC., d/b/a WXYZ-TV, a Michigan
corporation and Scripps-Howard Broadcasting, Inc.,
Defendant-Appellants.
 No. 95-1736.
 United States Court of Appeals, Sixth Circuit.
 Sept. 16, 1996.
 
 On Appeal from the United States District Court for the Eastern District of Michigan, No. 94-70730; Denise Page Hood, Judge.
 E.D.Mich.
 REVERSED IN PART, VACATED IN PART.
 Before: GUY and BATCHELDER, Circuit Judges, and SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 In this case we review the district court's dismissal of a counterclaim based on res judicata and its denial of a motion for leave to file a counterclaim. Finding that the dismissal of the counterclaim was improper, we REVERSE the district court's order dismissing the counterclaim based on res judicata, VACATE the order denying the motion for leave to file a counterclaim, and REMAND the case for further consideration consistent with this opinion.
 
 I. BACKGROUND FACTS
 
 2
 In 1982, Channel Seven of Detroit, Inc. ("Channel 7") commissioned Artie Fields to write the music for a television promotion saluting metropolitan Detroit high school graduating honor students. As a result, Fields wrote the lyrics and music to "Best of the Class." When the song was approved for broadcast use, Channel 7 and Fields entered into an agreement that, among other things, granted Fields the right of ownership to "license other clients to use the material for advertising and promotional purposes in areas other than the Detroit metro market," and gave Channel 7 the exclusive right to use the song in the Detroit metro market. According to Fields, Channel 7 also orally transferred to him the exclusive right to sell and/or license in perpetuity the format of the production in all markets other than Detroit.
 
 
 3
 Fields successfully licensed the "Best of the Class" to other television stations outside the Detroit metropolitan market. In 1987, Scripps-Howard Broadcasting purchased Channel 7 (WXYZ-TV) and handled the subsequent negotiations regarding the "Best of the Class."
 
 
 4
 In the spring of 1991, Channel 7 "updated," allegedly through changes to the music and name, the public service announcement honoring high school graduates. The format remained unchanged, according to Fields, but the name was changed to "Brightest and Best."
 
 II. PROCEDURAL HISTORY
 
 5
 In September 1991, subsequent to Channel 7's use of the broadcast format with the song "Brightest and Best," Fields brought suit in the district court against Channel 7 and Scripps-Howard alleging various violations of federal and state law, including copyright infringement. On February 10, 1993, Channel 7 filed a counterclaim alleging that Fields was misappropriating the broadcast format to the "Best of the Class" event and seeking a declaratory judgment regarding the use of the broadcast format. On March 25, 1993, district court judge George Woods entered an order granting Channel 7's motion for summary judgment as to Fields' federal claims, specifically holding, in part, that "Brightest and Best" did not constitute copyright infringement on the music and lyrics of "Best of the Class." Judge Woods' memorandum and order did not address the format of the two productions. The remaining claims were viewed as purely state-law claims and therefore dismissed without prejudice. The order did not specifically mention Channel 7's counterclaim, and it appears that the parties assumed the counterclaim was dismissed as well.
 
 
 6
 In May 1993, Fields refiled his state law claims in Michigan state court. Channel 7 responded by filing its answer on June 4, 1993. In January 1994, Fields amended the state court complaint ("second amended complaint") to add a claim for misappropriation of the format of "Best of the Class." On February 24, 1994, Channel 7 filed another answer and a counterclaim ("second counterclaim"), raising similar issues to those that had been raised in its federal court counterclaim, namely, it sought a declaratory judgment regarding the ownership rights to the format for the public service announcement. Channel 7 then removed the case to federal court on the theory that the misappropriation claim was merely a disguised attempt to state a copyright claim and was therefore preempted by § 301 of the Copyright Act. Judge Woods, once again assigned the case, agreed and denied Fields' motion to remand the case to state court.
 
 
 7
 Channel 7 subsequently moved for dismissal and summary judgment based on Fields' second amended complaint. On January 27, 1995, Judge Denise Page Hood[1] granted Channel 7's motion to dismiss the misappropriation claim under the doctrine of res judicata since "the issue of the copyright infringement has been litigated by the parties and a judgment on the merits was rendered against [Fields] on that issue." Judge Hood reached this conclusion based upon (1) the fact that Judge Woods' June 10, 1994 Order Denying Plaintiff's Motion to Remand, found that the misappropriation claim was preempted by the Copyright Act and (2) the fact that Judge Woods' March 25, 1993 Order, issued when the case was first in federal court, granted with prejudice Channel 7's motion for summary judgment on the copyright infringement claim. Judge Hood then remanded Fields' state law claims to state court. Judge Hood did not render an order relating to Channel 7's counterclaim.
 
 
 8
 Channel 7 then moved for reconsideration of Judge Hood's remand order on the basis that judicial economy would best be served if Fields' state law claims were adjudicated along with Channel 7's second counterclaim. Fields responded by arguing that Channel 7's second counterclaim was defective because Channel 7 did not obtain leave of the court to file the motion, a requirement under both Michigan and federal procedural rules since the counterclaim was not filed at the time of the answer. Channel 7 subsequently filed a motion for leave to file its counterclaim. Judge Hood denied the motion for reconsideration and sua sponte dismissed Channel 7's counterclaim as to the copyright issue, stating:
 
 
 9
 Although Defendants assert that the Court has original jurisdiction as to its counterclaim on the copyright infringement issue, given that this Court previously entered a January 27, 1995 Order granting Defendants' Motion to Dismiss Plaintiff's Count IV [misappropriation claim], the copyright claims based res judicata [sic ] pursuant to Judge Woods' March 25, 1993 Order in [the case the first time it was in the district court], by implication, the doctrine of res judicata also applies to Defendants' counterclaim on the copyright issue. As stated by the Court in its previous order, under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Based upon a review of Defendants' Counterclaim, this Court finds that the copyright issue was previously litigated by the same parties in a prior suit, therefore, the instant and subsequent suit on the copyright issue is barred.
 
 
 10
 In a different order issued on the same day, Judge Hood deemed moot Channel 7's motion for leave to file the counterclaim since she had previously dismissed the counterclaim on its merits.
 
 
 11
 Channel 7 timely appealed. The sole issues before us are the dismissal of its second counterclaim and the order denying it leave to file a counterclaim.[2]
 
 III. ANALYSIS
 
 12
 Though oddly worded, we construe the district court's dismissal of the second counterclaim to have been based on res judicata grounds. We review de novo district court dismissals based on res judicata. Sanders Confectionery Prod., Inc. v. Heller Financial, Inc., 973 F.2d 474, 480 (6th Cir.1992); Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658 (6th Cir.1990). We also review de novo district court decisions based on mootness. Comer v. Cisneros, 37 F.3d 775, 787 (2d Cir.1994).
 
 
 13
 Assuming that res judicata applies at all in this case,[3] we focus on the first of res judicata's four elements: whether a court of competent jurisdiction rendered a final decision on the merits in the first action. Sanders Confectionery, 973 F.2d at 480. The district court concluded that because Channel 7's second counterclaim sought an adjudication under the copyright laws and because Judge Woods had already rendered a decision based on the copyright laws in the first action, the second counterclaim was precluded by res judicata. We disagree.
 
 
 14
 The second counterclaim sought an adjudication regarding the exclusive rights to the format of the production under the copyright laws. In contrast, Judge Woods' final decision on the merits in the first action addressed only the music and lyrics of the productions and failed to address their format. A final decision on the merits in the first action was not rendered on the format claim and therefore the counterclaim is not barred by res judicata. As a result, we reverse the district court's dismissal of the counterclaim on res judicata grounds.
 
 
 15
 Based on its decision to dismiss the counterclaim, the district court denied as moot Channel 7's motion for leave to file its counterclaim. Because the counterclaim was improperly dismissed on res judicata grounds, it remained before the district court; thus the denial of Channel 7's motion based on mootness was also improper. We therefore vacate the order denying Channel 7's motion and remand it to the district court for further consideration consistent with this opinion. We express no opinion as to the propriety of the filing of the counterclaim.
 
 IV. CONCLUSION
 
 16
 For the foregoing reasons, we REVERSE the district court's order dismissing Channel 7's counterclaim based on res judicata, VACATE the order denying Channel 7's motion for leave to file counterclaim, and REMAND the case for further consideration consistent with this opinion.
 
 
 
 *
 The Honorable S. ARTHUR SPIEGEL, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Although Judge Woods initially received this case the second time it arrived in federal court, an October 1994 administrative order reassigned the case to Judge Hood
 
 
 [2]
 Channel 7's notice of appeal states that it also appeals the "June 16, 1995 Notice of Remand." The Federal Rules of Appellate Procedure require a notice of appeal to "designate the judgment, order, or part thereof appealed from...." FED.R.APP.P. 3(c). Our research has failed to uncover any case in which the appeal is from a notice of remand; because the notice of remand is not an order or judgment within the meaning of the appellate rules, we do not find this surprising
 It is true that "an appeal will not be dismissed for informality of form ... of the notice of appeal ... [if the] intent to appeal is otherwise clear from the notice." Id. However, even giving a liberal construction to Channel 7's notice of appeal, we find no indication that the parties intended to appeal anything other than the two issues noted above. Furthermore, neither party has addressed the propriety of the remand order. We therefore conclude that the only issues before us are those we address in the body of this opinion.
 
 
 [3]
 This case is a procedural nightmare. After careful review of the record, we confine ourselves to those issues explicitly raised on appeal, and do not address alternative theories, such as collateral estoppel, which the parties have raised only in the context of aspects of the case not part of this appeal