**Archie M. DONALD, Plaintiff–Appellant,**

v.

**Roderick PAIGE, in his official capacity as Secretary of the U.S. Department of Education; Rice College, also known as Leader Federal Savings & Loan Association; Internal Revenue Service; Accrediting Counsel for Continuing Education and Training, Defendants–Appellees.**

No. 02–5669.

United States Court of Appeals,
Sixth Circuit.

March 14, 2003.

Before MOORE and CLAY, Circuit Judges; and LAWSON, District Judge.*

*ORDER*

Archie M. Donald, an Arkansas resident proceeding pro se, appeals the district court order granting summary judgment to the defendant in this civil action brought under the Higher Education Act. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Donald filed an amended complaint against Secretary of the Department of Education Roderick Paige in his official capacity. Donald alleged that he signed a promissory note to obtain a loan to attend Rice College in Memphis, Tennessee, but never received the money, that the Internal Revenue Ser-

---

\* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

vice withheld his tax refunds for two years and forwarded the money to the Department of Education, and that the Department of Education garnished his wages. Only Paige was served. Paige moved for summary judgment. Donald filed a response and his own motion for summary judgment. The district court granted judgment to Paige, holding that the Department of Education was immune from suit, that no federal statute provided Donald a cause of action, and that the doctrine of issue preclusion barred Donald's claim because the United States prevailed in a prior suit against Donald to collect the defaulted loan.

In his timely appeal, Donald argues that: (1) the district court erred by granting summary judgment before the parties conducted discovery; (2) res judicata did not apply because his right to due process under the Fifth Amendment was not an issue in the previous case; and (3) he had a cause of action under the Higher Education Act.

This court reviews an order granting summary judgment de novo. *Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we conclude that the district court properly granted summary judgment to Paige. The essential facts are not in dispute. In 1985, Donald signed a promissory note for a guaranteed student loan of $2,500 from Leader Federal Savings & Loan Association to attend Rice College. He attended the school for one quarter. A total of $2,570 was withheld from Donald's federal tax refunds in 1994 and 1995 and credited against his student loan debt. In September 1997, a loan analyst for the Department of Education certified under penalty of perjury that Donald defaulted on the loan in August 1987, that he was indebted to the United States by virtue of a guaranteed loan made by a private lender and assigned to the United States, and that he owed $2,007.56 as of September 4, 1997. *See* 28 U.S.C. § 1746. The United States sued Donald to collect the debt. Donald defended by stating that he never received the loan. The United States District Court for the Eastern District of Arkansas granted judgment to the United States in the amount of $2,339.99, including principal, interest, administrative costs, and court fees. The United States Court of Appeals for the Eighth Circuit affirmed that decision on appeal. *United States v. Donald,* No. 98–2695, 1998 WL 761084 (8th Cir. Nov. 2, 1998).

Donald's action was barred by the doctrine of issue preclusion. Under collateral estoppel or issue preclusion, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving any party to the prior litigation. *Montana v. United States,* 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *Aircraft Braking Sys. Corp. v. Local 856, Int'l Union, United Auto., Aerospace and Agric. Implement Workers,* 97 F.3d 155, 161–62 (6th Cir.1996). In the United States's action against Donald, the court determined that Donald defaulted on his student loan and owed the United States the outstanding balance and interest. That determination is conclusive in this action, so Donald cannot relitigate issues involving his indebtedness.

Donald's argument that res judicata should not apply because his right to due

process under the Fifth Amendment was not an issue in the previous case is without merit. In both this case and his previous case, Donald maintained that he should not have to repay the student loan because he never received the money. Although he now calls this a due process issue, the label is not determinative. The issue of Donald's indebtedness was determined by the previous court, so Donald is precluded from raising it again.

Because Donald's claim is clearly barred by the doctrine of issue preclusion, we decline to address the district court's other grounds for dismissing the case. For the foregoing reasons, this court affirms the district court's order granting summary judgment to Paige. Rule 34(j)(2)(C), Rules of the Sixth Circuit.