**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0598n.06

**No. 09-3573**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| GENERAL ELECTRIC MEDICAL SYSTEMS EUROPE, | ) ) ) | **FILED** **Sep 08, 2010** LEONARD GREEN, Clerk |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| PROMETHEUS HEALTH, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE |
| Defendant-Appellant, | ) ) | NORTHERN DISTRICT OF OHIO |
| and | ) ) | |
| MUNIR UWAYDAH, | ) ) | |
| Defendant. | ) | |

Before: CLAY, ROGERS, and COOK, Circuit Judges.

COOK, Circuit Judge. General Electric Medical Systems Europe (GEMS) sued Prometheus Health Imaging, Dr. Munir Uwaydah (Prometheus's president), and Dr. Ernest Camponovo (Prometheus's CEO) after defendants failed to pay GEMS for a full-body CT scanner.[1] Due to procedural complications stemming from multiple bankruptcy filings, the cases proceeded separately against each defendant. We now consider Prometheus's appeal of two of the district court's judgments: (1) the denial of Prometheus's motion to dismiss grounded on forum selection; and (2)

---

[1]GEMS dismissed its claims against Dr. Camponovo on December 1, 2004.

the summary judgment granted in GEMS's favor on res judicata grounds. For the reasons that follow, we affirm.

I.

Prometheus was formed to provide preventative and diagnostic full-body CT scanning and related services. Prometheus entered into an agreement with GEMS for the purchase of a GE CT scanner to be used at a facility located in Riyadh, Saudi Arabia, using funds from a Riyadh business, known as Al-Banader International Group ("Al-Banader"). That business owned the facility in which the scanning equipment would be installed.

To finance the scanner's purchase, Al-Banader provided Prometheus with a letter of credit of at least $1,000,000 through the National Commercial Bank of Riyadh. The letter of credit listed Al-Banader as both the applicant and the entity destined to receive the scanner, and named Prometheus as the beneficiary. GEMS claimed that Prometheus evidenced an intention to pay GEMS using funds released under the letter of credit.

Prometheus made the first payment for the scanner as expected, but because difficulties obtaining legal documentation for customs delayed shipment, Prometheus requested that GEMS ship the scanner without receiving the contracted-for 50% payment due upon shipping. Instead, Prometheus, through Dr. Uwaydah, allegedly represented that it would pay for the scanner in full upon its receipt in Riyadh. But when Al-Banader notified GEMS that it accepted delivery of the

scanner and authorized the release of the funds in the letter of credit to cover the balance owed, Prometheus refused to pay. To justify its refusal, Prometheus alleged that GEMS materially breached the contract because the scanner's delayed arrival in Riyadh fell short of the contract specifications.

GEMS sued Prometheus, Dr. Uwaydah, and Dr. Camponovo to recover funds released under the letter of credit. Prometheus moved to dismiss GEMS's complaint under Federal Rule of Civil Procedure 12(b)(3), arguing that *forum non conveniens* and the forum-selection clause in the parties' Standard Terms and Conditions agreement made France the proper forum. The district court summarily denied the motion via a "Minutes of Proceeding/Order," stating only that "[t]he Court finds no controlling forum selection clause and finds that all factors counsel against transfer or dismissal." Mins. Order, Dist. Ct. Doc. ("Doc.") 35, at 2. Dr. Uwaydah answered the complaint by denying knowledge of virtually all GEMS's factual assertions.

After these proceedings commenced below, both Dr. Uwaydah and Prometheus filed for bankruptcy, necessitating stays that, by virtue of the separate bankruptcy cases, prompted the district court to adjudicate GEMS's claims against each defendant separately. Because of continuing discovery violations, the court eventually sanctioned Dr. Uwaydah by "prohibit[ing him] from introducing any testimony contrary to the facts set forth by GEMS." Order Granting GEMS's Mot. for Sanctions Against Dr. Uwaydah, Doc. 84, at 8 (emphasis omitted). On this limited record, the court granted GEMS summary judgment against the doctor, finding that Prometheus breached its

contract and holding Dr. Uwaydah liable for the breach as Prometheus's alter ego, as well as for conversion and fraud. Based on its summary judgment decision, the district court entered final judgment against Dr. Uwaydah. Dr. Uwaydah appealed, and this court affirmed without reaching the sanctions issue. Because Prometheus attempted to cure its defective discovery responses, the district court declined to level any sanctions against it.

When GEMS later sought summary judgment against Prometheus itself, GEMS argued that res judicata prevented Prometheus from relitigating the court's liability finding in connection with the sanctions levied against Dr. Uwaydah as a principal of Prometheus. The district court agreed and used its previous order not only as the judgment that barred it from revisiting liability, but also to find Dr. Uwaydah and Prometheus in privity, a finding the district court viewed as necessary to establish the preclusive effect of the judgment in the first place. Prometheus timely appealed the district court's grant of summary judgment, arguing that the court erred when it (1) refused to dismiss the complaint based on the contract's binding forum-selection clause and (2) misapplied the doctrine of res judicata in granting preclusive effect to the judgment against Dr. Uwaydah.

II.

*A.      Forum Selection*

Prometheus first argues that the district court erred when it read the contract as not including a binding forum-selection clause. Although Federal Rule of Civil Procedure 52(a) does not require

the district court to provide findings of fact or conclusions of law when ruling on a motion to dismiss, *Robin Prods. Co. v. Tomecek*, 465 F.2d 1193, 1196 (6th Cir. 1972), their absence in this case (by virtue of the district court's cursory Minutes Order resolving this issue) leaves us with little guidance. Insofar as the district court's resolution reflects factual findings, we review them for clear error. *Dixon v. Ashcroft*, 392 F.3d 212, 216–17 (6th Cir. 2004). But to the extent the court answered a question of law by opining on the enforceability of a forum-selection clause, we review its decision de novo. *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229 (6th Cir. 1995).

To reject Prometheus's forum-selection clause argument, the district court found that the parties failed to form a binding agreement regarding the proper forum for litigating contract disputes. This conclusion encompasses both factual and legal components. Evidence before the court demonstrated that the parties never entered into a contract containing the Standard Terms and Conditions, which included the forum-selection clause on which Prometheus so heavily relies. Prometheus does not contest that its agent twice expressly refused in writing to execute and return the Standard Terms and Conditions. Reviewing this finding for clear error, we would only reverse if Prometheus produced a signed copy of the agreement, which it has not, and, according to undisputed facts, cannot. Absent evidence the parties agreed to the Standard Terms and Conditions, the district court did not err when it rejected Prometheus's forum-selection-clause argument as a matter of law.

B.      *Preclusive Effect*

The district court later granted GEMS summary judgment against Prometheus on res judicata grounds, a decision we review de novo. *Vill. of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008). We will affirm if the evidence, viewed in the light most favorable to Prometheus, demonstrates that no genuine issue exists as to any material fact and that the plaintiff is entitled to judgment as a matter of law. *Id.*

Res judicata, i.e., the preclusive effect of a judgment, encompasses two distinct doctrines: claim preclusion and issue preclusion. *Taylor v. Sturgell*, 553 U.S. 880, —, 128 S. Ct. 2161, 2171 (2008). Claim preclusion "forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). In contrast, issue preclusion "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Id.* (quoting *New Hampshire*, 532 U.S. at 748–49).

The parties dispute which res judicata doctrine—claim preclusion or issue preclusion—applies here. Despite the district court citing the requirements under Ohio law for claim preclusion, the court's analysis confirms the appropriateness of the issue-preclusion doctrine here. The district court granted GEMS summary judgment on its *claims against Prometheus* because the

court had already determined the *issue* of Prometheus's liability when granting GEMS summary judgment on its *claims against Dr. Uwaydah*.

Issue preclusion bars relitigation of an issue when: (1) the identical issue was raised and actually litigated in a prior proceeding; (2) the determination of the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior proceeding. *Aircraft Braking Sys. Corp. v. Local 856, Int'l Union, United Auto., Aerospace and Agric. Implement Workers, UAW*, 97 F.3d 155, 161 (6th Cir. 1996)).[2]

All four elements of issue preclusion are satisfied here. First, the identical issue—Prometheus's liability—was raised and actually litigated, not just in a prior proceeding, but in a prior proceeding in the *same suit*. When GEMS moved for summary judgment against Dr. Uwaydah, the district court determined *Prometheus's* liability and held Dr. Uwaydah liable as Prometheus's alter ego. Relying on *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658 (6th Cir. 1990), Prometheus contends its liability was not "actually litigated" because the district court prohibited Dr. Uwaydah from contesting GEMS's version of the facts when it moved for summary judgment against Dr. Uwaydah, as a sanction for discovery violations. *Gargallo* is

---

[2]The parties rely on Ohio res judicata law. Ohio law does not apply here, however, because the issue—Prometheus's liability—was previously determined by a federal court, not a state court. *See Aircraft Braking Sys. Corp.*, 97 F.3d at 161–62 (applying federal issue-preclusion law to determine whether to give preclusive effect to a prior federal judgment). *Cf. Macy v. Hopkins County Sch. Bd. of Educ.*, 484 F.3d 357, 367–68 (6th Cir. 2007) (applying Kentucky issue-preclusion law to determine whether to give preclusive effect to a prior state judgment).

inapplicable for two reasons: (1) it applied Ohio, not federal, preclusion law; and (2) it involved claim preclusion, not issue preclusion. *See id.* at 663 n.6 ("[B]ecause Mr. Gargallo's counterclaim was dismissed as a discovery sanction . . . , no substantive factual issues were adjudicated in the Ohio court, [and] Ohio's issue preclusion principles are not relevant to this case."). As a result, *Gargallo* says nothing about when an issue is "actually litigated" under federal issue-preclusion law.

In contrast, as GEMS notes, "[g]enerally, disposition of a case on summary judgment grounds meets the actually litigated requirement of the issue preclusion test." *Nat'l Acceptance Co. of Am. v. Bathalter*, No. 91-3128, 1991 WL 263474, at *3 (6th Cir. Dec. 9, 1991) (citing *Exhibitors Poster Exch., Inc. v. Nat'l Screen Serv. Corp.*, 421 F.2d 1313, 1319 (5th Cir. 1970)); *accord* 18 James Wm. Moore, Moore's Federal Practice § 132.03[2][j], at 132-89 (3d ed. 2010) ("Issue preclusion generally applies when the prior determination is based on a motion for summary judgment."). Here, the district court determined Prometheus's liability at summary judgment, and a panel of this Circuit affirmed the district court's decision based on the entire record before the district court at summary judgment rather than solely on the evidence GEMS submitted at summary judgment. *See Gen. Elec. Med. Sys. Europe, Inc. v. Prometheus Health Imaging, Inc.*, 205 F. App'x 418, 420 n.1 (6th Cir. 2006) (noting "our decision rests on the summary judgment record before the district court which was submitted prior to imposition of the sanctions"). GEMS and Dr. Uwaydah therefore actually litigated the issue of Prometheus's liability in the first summary judgment motion.

Second, the determination of Prometheus's liability was necessary to the outcome of the first summary judgment motion. The district court could not have held Dr. Uwaydah liable, as Prometheus's alter ego, on the breach of contract, conversion, and fraud claims unless the district court first determined that Prometheus was liable for breach of contract, conversion, and fraud. This it did.

Third, the district court entered a final judgment on the merits against Dr. Uwaydah based on its summary judgment decision in which it found Prometheus liable.

Finally, and importantly, Prometheus had a full and fair opportunity to litigate its liability during resolution of the first summary judgment motion against Dr. Uwaydah. Although the district court had stayed the claims against Prometheus, nothing barred Prometheus from opposing GEMS's summary judgment motion against Dr. Uwaydah. Not only was Prometheus a party to the litigation, but it also knew GEMS was seeking summary judgment against Dr. Uwaydah, and it knew that motion would result in a determination of its own liability. Prometheus simply failed to anticipate the issue-preclusive effect of the first summary judgment motion.

Prometheus's briefing decries the unfairness of this result, noting courts may reject issue-preclusion tenets "when their application would . . . result in manifest injustice.'" *Marlene Indus. Corp. v. NLRB*, 712 F.2d 1011, 1017 (6th Cir. 1983) (quoting *Bronson v. Bd. of Educ.*, 525 F.2d 344, 349 (6th Cir. 1975)). But no injustice results here because Prometheus had a fair opportunity to litigate its liability when GEMS moved for summary judgment against Dr. Uwaydah, Prometheus's

alter ego. *See id.* (finding no manifest injustice where litigant "had a full and fair opportunity to litigate the issue"). We therefore find the manifest-injustice exception inapplicable and uphold the district court's judgment on issue-preclusion grounds.

III.

For these reasons, we affirm.